# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING,<br><br>        Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants. | CASE NO. 1:05-CV-00342-AWI-LJO (PC)<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON HIS EXCESSIVE FORCE CLAIM<br><br>(Doc. 1) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 11, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Plaintiff's Claims

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names California Department of Corrections Director Jeanne S. Woodford, Warden A. K. Scribner, D. D. Sheppard-Brooks, S. Grandy, C. Castro, C. L. Jackson, and M. Lopez as defendants. Plaintiff is seeking money damages.

Plaintiff alleges that on April 1, 2004, defendants Castro, Jackson, and Lopez used excessive force against him when they pepper sprayed him for no reason and then subjected him to a hot shower rather than a cold shower as they should have. Plaintiff alleges that defendants Sheppard-Brooks and Grandy responded to his inmate appeal, finding his complaint against staff was unfounded and depriving him of an interview. Plaintiff alleges claims for relief for violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. In addition, plaintiff asserts that defendants conspired, that the incident was racially motived, and that the incident violated California Penal Code Sections 13870 and 13872, although plaintiff does not specifically plead claims for relief beyond the Eighth Amendment and Due Process Clause claims.

1. Claims Against Defendants Castro, Jackson, and Lopez

a. Excessive Force Claim

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Id. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). With respect to excessive force claims, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Castro, Jackson, and Lopez for use of excessive force. Fed. R. Civ. P. 8; Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

        b.  Conspiracy Claim

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974). Because plaintiff has not alleged any facts

///

supporting the existence of a conspiracy between defendants to violate his constitutional rights, plaintiff fails to state a conspiracy claim.

### c. Due Process Claim

Plaintiff alleges that defendants' actions also violated the Due Process Clause. However, "[t]o establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs plaintiff's claims.

### d. Allegations of Racial Motivation

#### 1) Equal Protection Claim

To the extent that plaintiff is attempting to pursue an equal protection claim, such claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A

///

plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Plaintiff's conclusory allegation that defendants' actions were racially motivated is insufficient to support an equal protection claim. Plaintiff has alleged no facts that indicate that defendants intentionally pepper sprayed him on the basis of his race.

### 2) Penal Code Sections

To the extent that plaintiff is attempting to pursue claims for relief based on the violation of California Penal Code Sections 13870 and 13872, plaintiff may not do so. Section 13870, which has been repealed in any event, simply sets forth legislative findings and intent concerning racial, ethnic, and religious crimes, and Section 13872 simply defines crimes within the chapter on racial, ethnic, and religious crimes. Neither section cited by plaintiff provides a basis upon which to impose civil liability on defendants.

### 2. Claim Against Defendants Sheppard-Brooks and Grandy

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by

the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Defendants Sheppard-Brooks and Grandy responded to plaintiff's inmate appeal grieving the incident of force. Defendants' involvement in the resolution of plaintiff's inmate appeal provides no basis for the imposition of liability under section 1983. Neither the finding that plaintiff's allegations were unfounded nor the failure to provide plaintiff with an interview is of constitutional significance. Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983 against defendants Sheppard-Brooks and Grandy based on their involvement in responding to his inmate appeal.

### 3. Claim Against Defendants Woodford and Scribner

Plaintiff names Director Woodford and Warden Scribner as defendants. Liability may not be imposed on supervisory personnel under section 1983 for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between her and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that defendants Woodford and Scribner either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts that would support a claim that defendants Woodford and Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Accordingly, plaintiff fails to state any claims under section 1983 against defendants Woodford and Scribner.

### C. Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendants Castro, Jackson, and Lopez for use of excessive force, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendants Castro, Jackson, and Lopez on his Eighth Amendment claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff three summonses and three USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Castro, Jackson, and Lopez.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.

///

Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Castro, Jackson, and Lopez on his Eighth Amendment claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 5, 2005**                           /s/ Lawrence J. O'Neill
b9ed48                                                UNITED STATES MAGISTRATE JUDGE