# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ELROY W. BROWNING,

               Plaintiff,

   v.

JEANNE WOODFORD, et al.,

             Defendants.

                        /

CASE NO. 1:05-CV-00342-AWI-LJO (PC)

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF CERTAIN
CLAIMS AND DEFENDANTS

(Docs. 1, 11, and 14)

I.    Findings and Recommendations Following Screening of Complaint

        A.    Procedural History

        Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 11, 2005.  On August 8, 2005, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable excessive force claim against defendants Castro, Jackson, and Lopez.  (Doc. 11.)  On August 17, 2005, plaintiff notified the court that he did not wish to amend but wished to also proceed against non-party Parra for failing to protect him.  (Doc. 12.)  On August 22, 2005, the court issued an order directing plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his excessive force claim, and informing plaintiff that if he wishes to add defendant Parra to this action, he must amend.  (Doc. 13.)  On August 29, 2005, plaintiff notified the court that he is willing to proceed only on his excessive force claim against

///

1  defendants Castro, Jackson, and Lopez.  (Doc. 14.)  Based on plaintiff's August 29 notice, this

2  Findings and Recommendations now issues.

3     B.     Screening Requirement

4     The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

10 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

11 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

13 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

14 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

15 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

16 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

17 standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

18 Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

19 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

20 U.S. 411, 421 (1969).

21    C.     Plaintiff's Claims

22    The events at issue in the instant action allegedly occurred at California State Prison-

23 Corcoran, where plaintiff is presently incarcerated.  Plaintiff names California Department of

24 Corrections Director Jeanne S. Woodford, Warden A. K. Scribner, D. D. Sheppard-Brooks, S.

25 Grandy, C. Castro, C. L. Jackson, and M. Lopez as defendants.  Plaintiff is seeking money damages.

26    Plaintiff alleges that on April 1, 2004, defendants Castro, Jackson, and Lopez used excessive

27 force against him when they pepper sprayed him for no reason and then subjected him to a hot

28 shower rather than a cold shower as they should have.  Plaintiff alleges that defendants Sheppard-

2

Brooks and Grandy responded to his inmate appeal, finding his complaint against staff was unfounded and depriving him of an interview.  Plaintiff alleges claims for relief for violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.  In addition, plaintiff asserts that defendants conspired, that the incident was racially motived, and that the incident violated California Penal Code Sections 13870 and 13872, although plaintiff does not specifically plead claims for relief beyond the Eighth Amendment and Due Process Clause claims.

> 1.     Claims Against Defendants Castro, Jackson, and Lopez

> > a.     Excessive Force Claim

_____ "Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7.  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Id. at 8.  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). With respect to excessive force claims, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Castro, Jackson, and Lopez for use of excessive force.  Fed. R. Civ. P. 8;

1  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167,

2  1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of

3  Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

4                              b.      Conspiracy Claim

5          In the context of conspiracy claims brought pursuant to section 1983, such a complaint must

6  "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v.

7  County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police

8  Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or

9  acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v.

10 State of California, 497 F.2d 197, 200 (9th Cir. 1974).  Because plaintiff has not alleged any facts

11 supporting the existence of a conspiracy between defendants to violate his constitutional rights,

12 plaintiff fails to state a conspiracy claim.

13                              c.      Due Process Claim

14         Plaintiff alleges that defendants' actions also violated the Due Process Clause.  However,

15 "[t]o establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove

16 that a challenged government action was clearly arbitrary and unreasonable, having no substantial

17 relation to the public health, safety, morals, or general welfare.  Where a particular amendment

18 provides an explicit textual source of constitutional protection against a particular sort of government

19 behavior, that Amendment, not the more generalized notion of substantive due process, must be the

20 guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996)

21 (citations, internal quotations, and brackets omitted), cert. denied, 117 S. Ct. 1845 (1997); County

22 of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  In this case, the Eighth Amendment "provides

23 [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874.  Therefore, the

24 Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs

25 plaintiff's claims.

26 ///

27 ///

28 ///

1            d.     <u>Allegations of Racial Motivation</u>

2                           1)     <u>Equal Protection Claim</u>

To the extent that plaintiff is attempting to pursue an equal protection claim, such claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. <u>See</u> <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740 (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins. Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren</u>, 152 F.3d at 1194.

Plaintiff's conclusory allegation that defendants' actions were racially motivated is insufficient to support an equal protection claim. Plaintiff has alleged no facts that indicate that defendants intentionally pepper sprayed him on the basis of his race.

2)     <u>Penal Code Sections</u>

To the extent that plaintiff is attempting to pursue claims for relief based on the violation of California Penal Code Sections 13870 and 13872, plaintiff may not do so. Section 13870, which has been repealed in any event, simply sets forth legislative findings and intent concerning racial, ethnic, and religious crimes, and Section 13872 simply defines crimes within the chapter on racial, ethnic, and religious crimes. Neither section cited by plaintiff provides a basis upon which to impose civil liability on defendants.

2.     <u>Claim Against Defendants Sheppard-Brooks and Grandy</u>

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citing <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); <u>see</u> <u>also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  <u>Azeez v. DeRobertis</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  <u>Buckley</u>, 997 F.2d at 495.

Defendants Sheppard-Brooks and Grandy responded to plaintiff's inmate appeal grieving the incident of force.  Defendants' involvement in the resolution of plaintiff's inmate appeal provides no basis for the imposition of liability under section 1983.  Neither the finding that plaintiff's allegations were unfounded nor the failure to provide plaintiff with an interview is of constitutional significance.  Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983 against defendants Sheppard-Brooks and Grandy based on their involvement in responding to his inmate appeal.

3.    <u>Claim Against Defendants Woodford and Scribner</u>

Plaintiff names Director Woodford and Warden Scribner as defendants.  Liability may not be imposed on supervisory personnel under section 1983 for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u>.  When the named defendant holds a supervisorial position, the causal link between her and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir.

1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that defendants Woodford and Scrinber either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts that would support a claim that defendants Woodford and Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.  Accordingly, plaintiff fails to state any claims under section 1983 against defendants Woodford and Scribner.

D.  Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendants Castro, Jackson, and Lopez for use of excessive force, in violation of the Eighth Amendment.  However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted.  Plaintiff was provided with the opportunity to file an amended complaint, but opted to proceed only on his excessive force claim against defendants Castro, Jackson, and Lopez.  Accordingly, it is HEREBY RECOMMENDED that:

1.  This action proceed on plaintiff's complaint filed March 11, 2005, only against defendants Castro, Jackson, and Lopez  on plaintiff's excessive force claim;

2.  Plaintiff's conspiracy claim, due process claims, equal protection claim, claims based on violation of the California Penal Code, and supervisory liability claims be dismissed, without prejudice, for failure to state any claims upon which relief may be granted; and

3.      Defendants Woodford, Scribner, Sheppard-Brooks, and Grandy be dismissed based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 1, 2005**            _____/s/ Lawrence J. O'Neill_____
b9ed48                                     UNITED STATES MAGISTRATE JUDGE