# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00342-AWI-LJO-P<br><br>ORDER DISREGARDING UNTIMELY OBJECTION<br><br>(Doc. 22)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 22) |

　　　Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 10, 2005, the Honorable Anthony W. Ishii issued an order adopting a Findings and Recommendations issued by the undersigned on September 2, 2005. (Docs. 15, 21.) On November 23, 2005, plaintiff filed an objection to the Findings and Recommendations, and a motion seeking the appointment of counsel. (Doc. 22.)

　　　Plaintiff's objection to the Findings and Recommendations is untimely, as it was filed after the time period in which to file an objection and after the district court issued an order adopting the Findings and Recommendations. The objection is therefore disregarded.

　　　The court cannot require an attorney to represent plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Terrell, 935 F.2d at 1017.

As set forth herein, plaintiff's objection to the Findings and Recommendations is DISREGARDED on the ground that it is untimely, and plaintiff's motion for the appointment of counsel, set forth in the objection, is DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   November 29, 2005          /s/ Lawrence J. O'Neill**
b9ed48                           UNITED STATES MAGISTRATE JUDGE