# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:05-CV-00342-AWI-LJO-P<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO ATTEMPT RE-SERVICE ON DEFENDANT JACKSON AT SALINAS VALLEY STATE PRISON, WITHOUT PREPAYMENT OF COSTS<br><br>(Doc. 33) |

　　　　Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed on March 11, 2005. (Doc. 1.) On September 2, 2005, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 16.) Plaintiff submitted the required documents on September 15, 2005, and on October 19, 2005, the court directed the United States Marshal to initiate service on defendants Lopez, Castro, and Jackson. (Docs. 17, 18.) Defendant Lopez subsequently made an appearance in this action, and the Marshal was unable to locate defendant Castro. (Docs. 26, 27.)

　　　　On January 25, 2006, the Marshal returned the summons and USM-285 form for defendant Jackson with a notation that per CSP-Corcoran, there is no employee with this name on its roster. (Doc. 33.) However, a Personnel Services facsimile attached to the service return for defendant Castro indicates that defendant Jackson is now located at Salinas Valley State Prison. (Doc. 26.) There is no evidence in the record that the Marshal attempted to serve Jackson at Salinas Valley.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshal:

    (1) One completed and issued summons for <u>each</u> defendant to be served;

    (2) One completed USM-285 form for <u>each</u> defendant to be served;

    (3) One copy of the complaint filed on March 11, 2005 for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

    (4) One copy of this order for <u>each</u> defendant to be served, plus an extra copy for the Marshal; and

    (5) One copy of the court's consent form for <u>each</u> defendant to be served;

2. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

    **C. L. JACKSON**

3. The U.S. Marshal is directed to retain the summons and a copy of the complaint in their file for future use.

4. The U.S. Marshal shall file the returned waiver of service, if any, as soon as it is received.

5. **In attempting to locate defendant, if the institution is unable to provide assistance, the Marshal shall contact the Legal Affairs Division in Sacramento and request the assistance of a special investigator.**

6. If a waiver of service is not returned by defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall

                maintain the confidentiality of all information provided by the CDC pursuant to this order.

        b.    Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7.    In the event that defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshal need not personally serve defendant.

8.    In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:**   **January 31, 2006**                   /s/ Lawrence J. O'Neill
i0d3h8                                                    UNITED STATES MAGISTRATE JUDGE