# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING,<br><br>   Plaintiff,<br><br> v.<br><br>JEANNE WOODFORD, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:05-CV-00342-AWI-LJO-P<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY DEFENDANT CASTRO SHOULD NOT BE DISMISSED FROM THIS ACTION<br><br>(Doc. 34)<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO RE-ATTEMPT SERVICE WITHOUT PREPAYMENT OF COSTS |

  Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed on March 11, 2005. (Doc. 1.) On September 2, 2005, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 16.) Plaintiff submitted the required documents on September 15, 2005, and on October 19, 2005, the court directed the United States Marshal to initiate service on defendants Lopez, Castro, and Jackson. (Docs. 17, 18.) Defendant Lopez subsequently made an appearance in this action and the service on defendant Jackson is still in process, but the Marshal was unable to locate defendant Castro. (Docs. 26, 27.) Because the prison's litigation office was unable to identify defendant Castro, the court provided plaintiff with the opportunity to show cause why defendant Castro should not be dismissed. Fed. R. Civ. P. 4(m). (Docs. 26, 34.)

1  On February 23, 2006, plaintiff filed a response to the order to show cause and provided
2  additional identifying information as to defendant Castro.  Accordingly, the United States Marshal
3  shall be directed to re-attempt service on defendant using this additional information.
4  Based on the foregoing, it is HEREBY ORDERED that:
5  1. The order to show cause, filed on January 30, 2006, is DISCHARGED;
6  2. The Clerk of the Court is directed to forward the following documents to the United
7  States Marshal:
8  (1) One completed and issued summons for each defendant to be served;
9  (2) One completed USM-285 form for each defendant to be served;
10 (3) One copy of the complaint filed on March 11, 2005 for each defendant to be
11 served, plus an extra copy for the Marshal;
12 (4) One copy of this order for each defendant to be served, plus an extra copy for
13 the Marshal; and
14 (5) One copy of the court's consent form for each defendant to be served;
15 3. Within ten days from the date of this order, the United States Marshal is directed to
16 notify the following defendant of the commencement of this action and to request a
17 waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28
18 U.S.C. § 566(c):
19 **SERGEANT C. CASTRO, BADGE #51828, ID # 2062845, POST ASSIGN. # 2352, DUTY HOURS 0600-1400 OR 2200-0600, 3C YARD**
20 **CSP-CORCORAN**
21 4. The U.S. Marshal is directed to retain the summons and a copy of the complaint in
22 their file for future use.
23 5. The U.S. Marshal shall file the returned waiver of service, if any, as soon as it is
24 received.
25 6. **In attempting to locate defendant, if the institution is unable to provide**
26 **assistance, the Marshal shall contact the Legal Affairs Division in Sacramento**
27 **and request the assistance of a special investigator.**
28 ///

7. If a waiver of service is not returned by defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

   b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

8. In the event that defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshal need not personally serve defendant.

9. In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:   February 28, 2006**                    **/s/ Lawrence J. O'Neill**
i0d3h8                                            UNITED STATES MAGISTRATE JUDGE