# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00342-AWI-LJO-P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT, CONSTRUED AS MOTION TO AMEND COMPLAINT<br><br>(Doc. 39)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM |

　　　　Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed March 11, 2005, against defendants Castro, Jackson, and Lopez ("defendants") for use of excessive force, in violation of the Eighth Amendment.[1] (Docs. 16, 21.) On March 27, 2006, plaintiff filed a motion seeking leave to supplement his complaint to add a claim. (Doc. 39.) Defendant Lopez filed an opposition to the motion on April 6, 2006.[2] (Doc. 40.)

　　　　Rule 15(d) provides that "upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth

---

[1] On November 10, 2005, plaintiff's conspiracy claim, due process claims, equal protection claim, claims based on violation of the California Penal Code, and supervisory liability claims were dismissed, without prejudice, for failure to state any claims upon which relief may be granted; and defendants Woodford, Scribner, Sheppard-Brooks, and Grandy were dismissed based on plaintiff's failure to state any claims upon which relief may be granted against them. (Doc. 21.)

[2] Plaintiff's motion was filed prior to the appearance of defendants Castro and Jackson in this action.

1

1  transactions or occurrences or events which have happened since the date of the pleading sought to
2  be supplemented." Fed. R. Civ. P. 15(d). In this instance, plaintiff's claim against defendants arises
3  from an incident on April 1, 2004, in which plaintiff alleges defendants used excessive force against
4  him when they sprayed him with pepper spray for no reason and then subjected him to a hot shower.
5  Plaintiff seeks to add an Eighth Amendment claim of deliberate difference to his serious medical
6  needs arising from medical issues he allegedly developed on April 9, 2004, following the incident
7  in which he was sprayed with pepper spray. Because the events giving rise to the new claim
8  occurred prior to the filing of this suit, plaintiff's motion shall be treated as one to amend the
9  complaint rather than supplement the complaint. Fed. R. Civ. P. 15(a).

10  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
11  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
12  confined in any jail, prison, or other correctional facility until such administrative remedies as are
13  available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit.
14  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion
15  requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532
16  (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal
17  standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth
18  v. Churner, 532 U.S. 731, 739 n.5 (2001)).

19  Plaintiff concedes that the delay in bringing his new claim was caused by his pursuit of
20  exhaustion of the administrative remedies. (Browning Dec., ¶6.) Plaintiff is precluded from
21  exhausting a claim and then seeking leave to amend to add the exhausted claim. 42 U.S.C. §
22  1997e(a); McKinney, 311 F.3d at 1199-1201. If plaintiff wishes to pursue his now-exhausted
23  medical claim, he must file a separate suit.

24  Accordingly, plaintiff's motion seeking leave to supplement his complaint, construed as a
25  motion seeking leave to amend, is HEREBY DENIED. The Clerk's Office is DIRECTED to send
26  ///
27  ///
28  ///

plaintiff a civil rights complaint form. If plaintiff wishes to file a new suit, he may fill out the complaint form and mail it to the court.

IT IS SO ORDERED.

**Dated:   May 30, 2006**               /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE