# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING, | CASE NO. 1:05-CV-00342-AWI-LJO-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER |
| v. | DENYING MOTION TO COMPEL AS MOOT |
| JEANNE WOODFORD, et al., | (Doc. 54) |
| Defendants. | |

Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 19, 2006, plaintiff filed a motion to compel defendant Lopez ("defendant") to respond to his request for the production of documents and for the payment of reasonable expenses in the amount of $16.35. (Doc. 41.) Defendant filed a statement of non-opposition to plaintiff's motion to compel on May 1, 2006, and plaintiff filed a reply on May 12, 2006. (Docs. 47, 49.) On May 31, 2006, the court issued an order denying plaintiff's motion to compel a response to his document request as moot.[1] (Doc. 51.) On June 26, 2006, plaintiff filed a motion for reconsideration. (Doc. 54.) Defendant did not file a response.

///

///

///

---

[1] Plaintiff's motion seeking the payment of reasonable expenses was not denied as moot and is not the subject of the instant motion for reconsideration.

1

In its order of May 31, 2006, the court stated in relevant part:

> Plaintiff served a request for the production of documents on January 7, 2006.[2] Defendant's response was due on or before February 24, 2006. Fed. R. Civ. P. 6(c); Disc. Order, ¶2. Plaintiff attempted to resolve the discovery dispute, in compliance with the court's discovery order, by sending defendant's counsel a letter. (Attach. B.) For reasons not clear to the court, defendant's counsel treated the letter as a discovery request rather than an attempt to prompt a response to a previously served discovery request. (Attach. C.) Plaintiff subsequently filed a motion to compel.
>
> In his statement of non-opposition, defendant states that his response was inadvertently not served and upon receipt of the motion to compel, the response was immediately served on April 24, 2006. Defendant contends that plaintiff's motion to compel is moot. In his reply, plaintiff argues that his motion is not moot.
>
> Plaintiff's motion to compel a response to his request for the production of documents has been rendered moot by service of a response on April 24, 2006. Accordingly, plaintiff's motion to compel shall be denied as moot.

(Doc. 51, 2:1-13.) In his motion for reconsideration, plaintiff argues that defendant's failure to respond was intentional rather than inadvertent, and that he still has not received the documents he requested.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding

---

[2] Although plaintiff contends in his motion the request was served on January 4, 2006, the proof of service attached to the request states that it was served on January 7, 2006. (Attach. A, p. 3.)

1  clauses.'" <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir. 1986)
2  (quoting <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is
3  reserved for 'extraordinary circumstances.'" <u>Id</u>. When filing a motion for reconsideration, Local
4  Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist
5  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
6  motion."

   Plaintiff stated in his reply that he disagreed with defendant's description of his action as inadvertent. The court considered plaintiff's reply prior to issuing its order. Plaintiff's motion for reconsideration sets forth nothing not already raised and considered by the court prior to the issuance of its order. Plaintiff's bare accusation that defendant's conduct was not inadvertent is insufficient to demonstrate that defendant wilfully disobeyed the court's discovery order, the Local Rules, and/or the Federal Rules of Civil Procedure.

   With respect to plaintiff's contention that he did not receive all the documents he requested, defendant served a response to plaintiff's request for the production of documents on April 24, 2006. Therefore, plaintiff's motion seeking a court order requiring defendant to serve a response to his request was rendered moot. Plaintiff's argument that his motion to compel is not moot because he is not satisfied with defendant's response and did not receive all of the documents he requested is without merit. Dissatisfaction with defendant's April 24 response to his request for the production of documents is a new issue and must be raised in a separate motion to compel a further response.

   Based on the foregoing, plaintiff's motion seeking reconsideration of the court's order denying his motion to compel as moot, filed June 26, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   August 16, 2006**                       /s/ Lawrence J. O'Neill
b9ed48                                             UNITED STATES MAGISTRATE JUDGE