# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING, | CASE NO. 1:05-CV-00342-AWI-LJO-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WARDEN SCRIBNER TO PRODUCE DOCUMENTS |
| v. | |
| JEANNE WOODFORD, et al., | (Doc. 60) |
| Defendants. | |

Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 24, 2006, plaintiff filed a motion for a court order compelling Warden A. K. Scribner to respond to plaintiff's request for the production of documents. Defendants Castro, Jackson, and Lopez filed an opposition on September 13, 2006, and plaintiff filed a reply on October 2, 2006.

Warden Scribner is not a party to this action. Therefore, the only way for plaintiff to obtain documentary discovery from Scribner is via the issuance and service of a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45. Plaintiff did not request the issuance of a subpoena and has submitted no evidence that one has been served on Scribner.[1] Absent personal service of a subpoena and a showing of subsequent non-compliance with the subpoena, plaintiff is not entitled to a court order compelling Scribner to produce any documents. In addition, this type of procedure

---

[1] Plaintiff filed requests for the issuance of subpoenas duces tecum on September 18, 2006, and September 22, 2006. Those requests are addressed in a separate order issued concurrently with this order, and the filing of those requests does not cure the deficiencies in the motion to compel.

1

can be used all to easily for illegitimate purposes. Plaintiff will be required to provide a declaration to be filed confidentially for the court's eyes only justifying his request, should he still wish to make it.

Plaintiff's objection to defendants' opposition as untimely is without merit. Local Rule 72-304(b), which plaintiff cites to, pertains to objections to Magistrate Judges' findings and recommendations, and is inapplicable here. Defendants had twenty-one days within which to file an opposition to plaintiff's motion, and their opposition was timely. Local Rule 78-230(m). Regardless, plaintiff bears the burden as the moving party and he is not entitled to the relief he seeks in his motion, defendants' opposition notwithstanding.

Based on the foregoing, plaintiff's motion to compel, filed August 24, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   October 21, 2006                    /s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES MAGISTRATE JUDGE