# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00342-AWI-LJO-P<br><br>ORDER ADDRESSING PLAINTIFF'S REQUEST FOR THE ISSUANCE OF A SUBPOENA DUCES TECUM, AND REQUIRING PARTIES TO SUBMIT FURTHER BRIEFING WITHIN THIRTY DAYS<br><br>(Doc. 64)<br><br>ORDER DENYING MOTION TO COMPEL FILED SEPTEMBER 22, 2006, ENTITLED "SUBPOENA DUCES TECUM," WITHOUT PREJUDICE TO RE-FILING WITHIN THIRTY DAYS<br><br>(Doc. 65) |

I.　　Order

　　A.　　"Subpoena Duces Tecum," Filed September 18, 2006

Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed March 11, 2005, against defendants Castro, Jackson, and Lopez for use of excessive force, in violation of the Eighth Amendment. On September 18, 2006, plaintiff filed a document entitled "Subpoena Duces Tecum," which was docketed as a motion to compel by the Clerk's Office.

///

1

1      Plaintiff is attempting to obtain the production of documents from Warden Scribner, who is
2 not a party to this action. Plaintiff may seek documents from a third party via the issuance of a
3 subpoena duces tecum, and is entitled to request a subpoena from the court. Fed. R. Civ. P. 45.
4 Because plaintiff is proceeding in forma pauperis, the subpoena would be personally served by the
5 United States Marshal at the direction of the court. The appointment of the Marshal to serve the
6 subpoena is not without cost, although plaintiff will bear no expense, and the court is reluctant to do
7 so unless it is satisfied that plaintiff is seeking documents from the appropriate person and the
8 documents are not equally available to plaintiff.
9      In this instance, plaintiff is seeking, in part, operational procedures. The court would like to
10 know whether the operational procedures sought by plaintiff are available to plaintiff, either in the
11 law library or elsewhere. Therefore, plaintiff and defendants' counsel, as an officer of the court, are
12 requested to submit to the court a response addressing the availability of the operational procedures
13 to plaintiff.
14      Plaintiff is also seeking "grievances, complaints, or ther [sic] instructions received by the
15 defendants or their agents at (C.S.P.-Cor I) concerning the mistreatment of plaintiff or other prisoner
16 inmates by defendants . . . ." (Doc. 64, 2:10-14.) This action is proceeding against defendants for
17 use of excessive force. All defendants were involved in the incident at issue and plaintiff's claim
18 is not based, in whole or in part, on a theory of supervisory liability. Although there are exceptions,
19 plaintiff may not generally use evidence of wrongs committed by defendants against other inmates
20 to show that defendants acted in conformity when they used force against plaintiff. Fed. R. Evid.
21 404(b). Therefore, plaintiff must submit further briefing explaining to the court how the evidence
22 he is seeking concerning grievances and complaints by other inmates is relevant. Although the
23 deadline for the completion of all discovery is currently October 30, 2006, the court will allow this
24 issue to be resolved beyond the deadline, including the issuance of a subpoena duces tecum, if
25 necessary.[1]
26 ///
27 ───────────────
28 [1] Pursuant to the court's scheduling orders, requests for extensions of deadlines must be filed on or before the expiration of the deadlines in question. (Docs. 28, 48.)

2

  B.  "Subpoena Duces Tecum," Filed September 22, 2006

On September 22, 2006, plaintiff filed a second document entitled "Subpoena Duces Tecum," which was docketed as a motion to compel by the Clerk's Office. This filing appears to perhaps be a motion seeking to compel defendants to respond to plaintiff's request for the production of documents, although the filing is less than clear.

Plaintiff contends that on June 16, 2006, defendants objected to request seven, and that defendants' responses to requests one, three, four, and seven were misleading. (Doc. 65, 2:4-8 & 3:14-16.) A motion to compel must be accompanied by a copy of plaintiff's discovery request and a copy of defendants' response. For each response plaintiff is challenging, plaintiff bears the burden of setting forth the grounds in support of his request to compel a response (e.g., why the documents or information requested is relevant and why defendants' objection is not justified). Plaintiff's motion to compel does not meet these requirements and shall be denied as procedurally deficient. The deadline for the completion of all discovery is currently October 30, 2006. However, the court will allow plaintiff to file another motion to compel responses to requests one, three, four, and seven. <u>Any such motion must be filed within thirty days from the date of service of this order</u>.

  C.  <u>Conclusion</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, (1) plaintiff and defendants shall file further briefing informing the court whether the operational procedures sought by plaintiff in document 64 are equally available to plaintiff, either in the law library or elsewhere, and (2) plaintiff shall brief the issue of how the complaints and grievances concerning the mistreatment of other inmates by defendants is relevant (e.g., what does plaintiff plan to use it for);

2. Plaintiff's motion to compel, filed September 22, 2006, is DENIED;

3. Plaintiff may, within **thirty (30) days** from the date of service of this order, file another motion to compel responses to requests one, three, four, and seven curing the deficiencies identified by the court herein; and

///

4.  Although the deadline for the completion of all discovery is currently October 30, 2006, the court will allow discovery to continue, limited to what is required to resolve the issues set forth in this order.

IT IS SO ORDERED.

**Dated:   October 21, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                                                      UNITED STATES MAGISTRATE JUDGE