1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9   ELROY W. BROWNING,                          CASE NO. 1:05-cv-00342-AWI-LJO PC

10                      Plaintiff,              ORDER DENYING MOTIONS FOR
                                               ISSUANCE OF SUBPOENAS DUCES TECUM
11          v.                                 TO WARDEN SCRIBNER AND JEANNE
                                               WOODFORD
12   JEANNE WOODFORD, et al.,
                                               (Docs. 73 and 80)
13                      Defendants.
                                               ORDER GRANTING MOTION TO COMPEL
14                                             RESPONSES TO POD REQUESTS 3 AND 7,
                                               AND DENYING MOTION TO COMPEL
15                                             RESPONSE TO POD REQUEST 4

16                                             (Doc. 73)

17                                             DEFENDANTS HAVE THIRTY DAYS TO
     _____ /        SERVE THEIR RESPONSES ON PLAINTIFF
18

19
     I.     Order
20
            Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma
21
     pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on
22
     plaintiff's complaint filed March 11, 2005, against defendants Castro, Jackson, and Lopez for use
23
     of excessive force, in violation of the Eighth Amendment.
24
            A.      Motions for Issuance of Subpoenas Duces Tecum
25
            On August 24, 2006, plaintiff filed a motion to compel non-party Warden Scribner to respond
26
     to his request for the production of documents, and on September 18, 2006, plaintiff filed a
27
     document entitled "Subpoena Duces Tecum," in which he was attempting to obtain from Warden
28

1

1  Scriber the production of operational procedures and grievances and complaints submitted by other

2  inmates. (Docs. 60, 64.)  Plaintiff's motions were denied by the court in two separate orders issued

3  on October 23, 2006.  (Docs. 70, 71.)  Plaintiff was notified that if he wished to obtain a subpoena

4  duces tecum directing Scribner to produce documents, he was required to submit a declaration

5  justifying his request, and that if he wished to obtain grievances and complaints filed by other

6  inmates, he was required to submit a brief explaining how the evidence is relevant to his claims.

7  (Id.)

8          On November 6, 2006, plaintiff filed a motion seeking the issuance of a subpoena duces

9  tecum directing Warden Scribner to produce documents and on November 22, 2006, plaintiff filed

10  a motion seeking the issuance of a subpoena duces tecum directing former California Department

11  of Corrections and Rehabilitation Director Jeanne Woodford to produce documents. (Docs. 73, 80.)

12          Plaintiff did not support either motion with a declaration justifying the need for the

13  documents.  Further, the court takes judicial notice of the fact that Woodford retired from CDCR and

14  as such, a subpoena directing her to produce CDCR documents would likely be futile.   Because

15  plaintiff failed to support his motions in compliance with the court's order of October 23, 2006, the

16  motions shall be denied.

17          B.      Motion to Compel Responses to POD Requests 3, 4, and 7

18          On September 22, 2006, plaintiff filed a second document entitled "Subpoena Duces Tecum,"

19  in which plaintiff was apparently seeking to compel defendants to respond to plaintiff's request for

20  the production of documents. (Doc. 65.)  On October 23, 2006, the court denied plaintiff's motion

21  because it was not supported by a copy of the discovery requests and responses at issue, and it was

22  not supported with any argument concerning why the documents or information requested was

23  relevant and why defendants' objection were not justified. (Doc. 71.)  The court granted plaintiff

24  thirty days within which to file another motion to compel responses to requests one, three, four, and

25  seven. (Id.)  On November 6, 2006, plaintiff filed a response to the order addressing requests three,

26  four, and seven, and supported the response with copies of his discovery requests and defendants'

27  responses. (Doc. 73, 6:1-7:20 & Exhibit B.)

28  ///

1    With respect to request number three, directed to all three defendants via two separate

2    document production requests, plaintiff states that he seeks a copy of inmate Stephens'

3    grievances/complaints relating to the incident during which plaintiff and Stephens were pepper

4    sprayed on April 9, 2004, and then decontaminated with hot water. (Doc. 73, 7:1-13.) Defendants

5    objected on the grounds of confidentiality and lack of personal knowledge, possession, custody, or

6    control. (Id., Exhibit B, D.)

7    Federal Rule of Civil Procedure 26(b) establishes the scope of discovery and states in

8    pertinent part:

9    Parties may obtain discovery regarding any matter, not privileged, that is relevant to
     the claim or defense of any party, including the existence, description, nature,
10   custody, condition, and location of any books, documents, or other tangible things
     and the identity and location of persons having knowledge of any discoverable
11   matter. For good cause, the court may order discovery of any matter relevant to the
     subject matter involved in the action. Relevant information need not be admissible
12   at trial if the discovery appears reasonably calculated to lead to the discovery of
     admissible evidence.

13

14   "The party who resists discovery has the burden to show that discovery should not be

15   allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v.

16   Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty

17   & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990); see Blankenship v. Hearst Corp., 519 F.2d 418,

18   429 (9th Cir. 1975) (parties opposing discovery are required to carry a heavy burden to show why

19   discovery should be denied).

20   Defendants have made no showing that the documents sought are privileged and therefore

21   shielded from discovery in this action. See e.g., Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.

22   Cal. 1995) (party asserting the official information privilege must properly invoke it by making a

23   "substantial threshold showing") (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal.

24   1987)). Any grievances or complaints filed by plaintiff's cellmate, inmate Stephens, concerning the

25   incident that both inmates were involved in and which gives rise to plaintiff's claim in this action

26   are discoverable.

27   Defendants' conclusory assertion that they do not have possession, custody, or control is not

28   persuasive. Defendants have tendered no satisfactory explanation why they would not have access

3

1  to complaints filed against them by inmates.  Defendants' objections are overruled and they are

2  ordered to produce any complaints or grievances submitted or filed by inmate Stephens concerning

3  the incident of alleged force on April 9, 2004.

4       With respect to request number four, plaintiff seeks documents relating to grievances filed

5  by CSP-Corcoran inmates concerning medical care from April 9, 2004 to "the date of your

6  response," and documents created by staff in response to said grievances.  (Exhibits B, D.)

7  Defendants' objections to this request are sustained in that the request is vague and overly broad.

8  Further, it is not obvious to the court that such documents are relevant, and plaintiff made no

9  showing of relevance in his November 6 response.  Accordingly, plaintiff's motion to compel a

10  response to request number four is denied.

11       Finally, in request number seven and as clarified by plaintiff in his response, plaintiff seeks

12  a memorandum issued on or around September 2004, in which Warden Scribner directed staff

13  members to cease using pepper spray on inmates kicking their cell doors.  Plaintiff asserts the memo

14  is not confidential and it was distributed to staff.  Defendants' original objection to this request as

15  overly broad, vague, and ambiguous was justified.  The request has now been narrowed and clarified

16  by plaintiff and the memo at issue is subject to discovery by plaintiff.  Accordingly, plaintiff's

17  motion to compel is granted in that defendants shall serve a response to request number seven, as

18  narrowed and clarified by plaintiff in his response.

19       The deadline for the completion of all discovery was October 30, 2006.  However, in its order

20  of October 23, 2006, the court stated that it would allow discovery to continue limited to the

21  subpoenas duces tecum and motion to compel at issue in the order.  (Doc. 71, 2:22-25 & 3:13-15.)

22  In light of the instant resolution of plaintiff's second round of filings concerning subpoenas duces

23  tecum and motion to compel, discovery is now closed with the very limited exception of any further

24  motions or orders needed to effect production of the discovery sought in requests three and seven.

25       Based on the foregoing, it is HEREBY ORDERED that:

26       1.    Plaintiff's motion seeking the issuance of a subpoena duces tecum directing Warden

27             Scribner to produce documents, filed November 6, 2006, is DENIED on the ground

28  ///

1    that plaintiff failed to make the threshold showing in compliance with the court's
2    orders of October 23, 2006;

3    2.    Plaintiff's motion seeking the issuance of a subpoena duces tecum directing former
4    California Department of Corrections and Rehabilitation Director Jeanne Woodford
5    to produce documents, filed November 22, 2006, is DENIED on the ground that
6    plaintiff failed to make the threshold showing in compliance with the court's orders
7    of October 23, 2006;

8    3.    Plaintiff's motion to compel a response to document production requests three and
9    seven is GRANTED;

10   4.    Plaintiff's motion to compel a response to document production request four is
11   DENIED;

12   5.    Defendants have **thirty (30) days** from the date of service of this order to serve their
13   responses to requests three and seven on plaintiff; and

14   6.    The discovery phase of this litigation is now closed, with the limited exception of any
15   further motions or orders needed to effect production of the discovery sought in
16   requests three and seven.

17

18   IT IS SO ORDERED.

19   **Dated:    January 26, 2007**                  /s/ Lawrence J. O'Neill
     b9ed48                                          UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28