# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING,<br><br>            Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:05-cv-00342-AWI-NEW (DLB) PC<br><br>ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND TO COMPEL<br><br>(Docs. 91 and 92) |

Plaintiff Elroy W. Browning ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed March 11, 2005, against defendants Castro, Jackson, and Lopez ("defendants") for use of excessive force, in violation of the Eighth Amendment.

On March 5, 2007, plaintiff filed a motion seeking entry of default against defendants for failing to timely serve their discovery response in compliance with the court's order of January 26, 2007. On March 19, 2007, plaintiff filed what the court construes to be a motion to compel. Defendants filed a response on April 3, 2007.

On January 26, 2007, the court granted plaintiff's motion to compel a response to document production requests three and seven, and ordered defendants to serve their response within thirty days. In his motion for entry of default, plaintiff contends that defendants' response was due or before February 27, 2007, and had not been received by plaintiff. In his motion to compel, filed after receipt of the discovery response, plaintiff argues that defendants only had thirty days to serve their

///

1

response and he did not receive it until March 7, 2007. In their opposition, defendants argue that they timely served the response on February 27, 2007.

The court's order required that defendants' response be served by mail within thirty days. The order did not require that the response be received by plaintiff within thirty days. Whatever delay resulted between service by mail and receipt of the response by plaintiff is immaterial. There are no ground for entry of default against defendants and plaintiff's motion is denied. Fed. R. Civ. P. 37(b)(2)(C); In re Exxon Valdez, 102 F3d 429, 432 (9th Cir. 1996) (terminating sanctions justified only in extreme circumstances).

Turning to plaintiff's motion to compel, plaintiff seeks to compel a further response to requests three and seven. Defendants were ordered to produce any complaints or grievances submitted or filed by inmate Stephens concerning the incident of alleged force on April 9, 2004, and defendants were ordered to produce the memorandum issued on or around September 2004, in which Warden Scribner directed staff members to cease using pepper spray on inmates kicking their cell doors. Plaintiff contends that inmate Stephens filed two complaints and defendants only produced one, and that defendants did not produce the memorandum sought by plaintiff and instead produced one that he had been unaware of. Defendants contend that inmate Stephens' appeal which was produced is the only document known to exist, and that the memo produced is the only responsive document known to exist.

Absent evidence to the contrary, which has not been produced, plaintiff is required to accept defendants' response that they have produced the only documents known to exist. With respect to the memo, it fairly meets the description of the document sought by plaintiff. Plaintiff sought Warden Scribner's memorandum, issued on or around September 2004, directing staff members to cease using pepper spray on inmates kicking their cell doors. Defendants produced a memorandum dated August 16, 2004, from Warden Scribner rescinding immediately the policy allowing the use of immediate force against inmates who refused to stop kicking their doors. To the extent plaintiff is challenging the response because it does not specifically identify the use of pepper spray, defendants have asserted that it is the only responsive document known to exist. Plaintiff is required to accept that response.

1  Based on the foregoing, it is HEREBY ORDERED that:

2  1. Plaintiff's motion seeking entry of default, filed March 5, 2007, is DENIED; and

3  2. Plaintiff's motion to compel a further response to document production requests three
4  and seven, filed March 19, 2007, is DENIED.

6  IT IS SO ORDERED.

7  **Dated:   April 19, 2007**                     /s/ **Dennis L. Beck**
                                                                        UNITED STATES MAGISTRATE JUDGE