# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-00342-AWI-NEW (DLB) PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 89) |

Plaintiff Elroy W. Browning ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On March 28, 2007, the Magistrate Judge filed a Findings and Recommendations that recommended Plaintiff's motion for a preliminary injunction be denied. The Findings and Recommendations were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On April 12, 2007, Plaintiff filed an Objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff's objections are without merit. Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear

the matter. <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). This action is proceeding against defendants for the past use of excessive physical force, in violation of the Eighth Amendment. The Court does not have jurisdiction in this action to issue orders directed at non-parties and aimed at allowing plaintiff to litigate this action more effectively or efficiently. <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Because the complaint in this case does not contain allegations raising issues similar to those presented in the instant motion, there is no controversy present with respect to such issues and, as a result, the court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of plaintiff's claims. Therefore, the motion must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 28, 2007, is adopted in full; and
2. Plaintiff's motion for preliminary injunctive relief, filed February 22, 2007, is DENIED.

IT IS SO ORDERED.

**Dated:   May 10, 2007**               /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE