IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY W. BROWNING,<br><br>　　　　Plaintiff,<br>　v.<br>JEANNE WOODFORD, et al.,<br><br>　　　　Defendants | 1: 05-CV-0243 AWI GSA P<br><br>ORDER REGARDING LETTER FROM POTENTIAL INMATE WITNESSES LADELL STEPHENS<br><br>(Document #145) |

　　　Plaintiff Elroy W. Browning ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   This action is proceeding on Plaintiff's complaint, filed March 11, 2005.   Plaintiff contends that Defendants violated the Eighth Amendment when Plaintiff was sprayed with OC pepper spray in his cell on or about April 9, 2004.

　　　On June 28, 2007, Plaintiff filed a motion for the attendance of incarcerated witnesses. In this motion, Plaintiff lists several incarcerated witnesses that he believes have information relevant to this case, including Inmate Ladell Stephens #D-61914.   At the telephonic trial confirmation hearing, the court noted that some of Plaintiff's incarcerated witnesses were duplicative, and the court asked Plaintiff which witnesses he believed would best assist his case. Based on Plaintiff's representations, the court stated it would transport : Inmate Stephens #D-61914,  Inmate Blackwell #E-72399, and Inmate Richard # C-27964.

　　　The original transportation writs for these witnesses were vacated because the court

needed to move the trial date.    Trial in this action is now set for March 25, 2008, and the court will hold a pretrial conference on February 25, 2008 at 3:00 p.m.    If the court and all parties are ready to proceed to trial at the February 25, 2008 conference, the court will issues new transportation orders for the incarcerated witnesses.

The court notes that Inmate Stephens wrote a letter to the court on January 17, 2008. Inmate Stephens states that he will willing to testify for Plaintiff.   However, Inmate Stephens goes on to state: "I do not wish to be held at old corcoran for any reason officer's there will retalliate [sic.] against me for testifying on fellow officers."    Inmate Stephens states that it is his desire to be transported to Delano State Prison and then transported to the court from Delano State Prison.

While this court can order a Warden to produce a state inmate to testify at trial, this court has no power to direct how that witness is transported to court.    The court can attempt to ascertain if Inmate Stephens will be housed at "old corocran," but informal communications to the court from prison staff are not binding on prison staff.    The court will discuss this issue at the February 25, 2008 conference.    If Inmate Stephens is unwilling to testify if the court cannot promise that he will not be housed at "old corcoran", Inmate Stephens should immediately write the court stating his unwillingness to testify.

Accordingly, the court orders that:

1. The court requires more information concerning the transportation of Inmate Stephens;   If Inmate Stephens is unwilling to testify without an assurance he will not be housed at "old corcoran" Inmate Stephens must immediately contact the court; and

3. The Clerk of the Court is DIRECTED to send courtesy copies[1] of this order to:

    Plaintiff- Elroy W. Browning, T-82234:
    Substance Abuse Treatment Facility

---

[1]  Two addresses have been provided for Inmate Stephens because it appears he was moved since the original transportation orders were issued.

2

    P.O. Box 5246
    Corcoran, CA 93212

    Ladell Stephens, # D-61914:
    North Kern State Prison
    P.O. Box 567
    Delano, CA 93216

    Ladell Stephens, # D-61914:
    Salinas Valley State Prison
    B-3 - Cell 143up
    P.O. Box 1020
    Soledad, CA 93960

IT IS SO ORDERED.

**Dated:    February 19, 2008**          **/s/ Anthony W. Ishii**
                UNITED STATES DISTRICT JUDGE

3